UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| J. H., a minor, by and through his mother and next friend, ANITA HALL,<br><br>    Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§  CV-_____<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

**COMES NOW** the Plaintiff, J. H., a minor, by and through his mother and next friend, Anita Hall, and brings this protective suit against the Defendant Ford Motor Company. This suit is being filed in addition to an identical action currently pending before the Circuit Court of Montgomery County, Alabama to ensure jurisdiction over the Defendant is protected against any running of the applicable statute of limitations. Plaintiff alleges as follows:

### Nature of Cause of Action

1. This action arises from a vehicular accident in Alabama that occurred on August 25, 2018, that involved serious injuries to J.H. a minor Alabama resident while the right front seat of a 1999 Ford F150 truck.

### The Parties, Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00,

exclusive of interest and costs, and because Defendant is incorporated and has its principal places of business in states other than the state in which the Plaintiff resides.

3. At all times material hereto, Plaintiff J.H., a minor, was and is a resident of Covington County, Alabama.

4. At all times material hereto, Plaintiff Anita Hall, as mother and next friend of J. H., a minor, is over the age of 19 years and was and is a resident of Covington County, Alabama.

5. The Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant Ford Motor Co. has a registered agent of service in Florida, CT Corp. System, 1200 South Pine Island Road, Plantation, Florida 33324 and Defendant does business by agent and is engaged in marketing and promoting its products in the State of Florida.

7. Defendant, **Ford Motor Company** (hereinafter "Ford"), is believed to be a foreign corporation but at all times material doing business in Broward County, Florida.  Ford designed, manufactured, and/or distributed the subject vehicle and its component parts through its wholly-owned and controlled subsidiaries and authorized dealers with its expressed intentions and expectation that the subject vehicle would be sold and/or used in the United States, including Florida and Alabama.

8. Ford is subject to the jurisdiction of this Court as it has sufficient contacts with the state of Florida and engages in continuous and systematic business in the state of Florida. Ford placed the subject vehicle into the stream of commerce with the expectation that it would be distributed, sold, or used in the United States, including the state of Florida and Alabama.

9. Ford is subject to the jurisdiction of this Court as it has sufficient contacts with the state of Florida and engages in continuous and systematic business in the state of Florida and continues to generate significant profit from its intended and purposeful business in Florida, included but not limited to multiple authorized Ford dealers located in Florida, including Broward County.

10. Ford is registered to do business in the State of Florida by registering with the Florida Secretary of State. As a result of such registration, Ford has made continuous and regular filings with the Secretary of State. Ford also maintains a registered office and registered agent in Broward County State of Florida. Ford's current registered agent of service in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

11. The Ford product involved in this action is a 1999 F150 Super Cab truck, VIN No. 2FTZX0726XCA52634.

**Statement of the Facts**

12. On August 25, 2018, along interstate I-65 near Montgomery, AL, Plaintiff J.H., was the right front seat passenger of a 1999 Ford F150 Super Cab truck. Said vehicle, while traveling on I-65, was forced off the road by a vehicle operated by Makeil James Gordon, an Alabama resident. Gordon lost control of his vehicle, crossing the median and traveled in the path of the Hall vehicle, causing it to leave the roadway and overturn. At the time of the incident, the Hall vehicle and its components, were being used as intended. J.H. was properly wearing his seatbelt at the time of the accident.

13. The 1999 Ford F150 was designed, engineered, manufactured and marketed by Defendant Ford. The vehicle was in substantially the same condition as it was when sold by Ford.

14. As a direct and proximate result of the negligence and wantonness of Defendant, as well as the defective condition of the roof, and/or restraint system in the Ford F150, as well as the breach of warranty of Ford, J.H. suffered injuries that resulted in incomplete quadriplegia.

15. At Ford, safety is supposed to be "Job 1."

**COUNT ONE**

**(Alabama Extended Manufacturers Liability Doctrine "AEMLD")**

16. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 13 above as if set out here in full.

17. At the aforesaid time and place, and for some time prior thereto, Ford was engaged in the business of designing, manufacturing, distributing, marketing and/or selling the Ford F150 model made the basis of this suit throughout the United States, including the State of Florida and Alabama, for use by the general public. During that period of time, Ford, for valuable consideration, designed, manufactured, distributed, marketed and/or sold the roof structure and restraint system of the Ford F150 made the basis of this suit which injured the Plaintiff's decedent. At the time J.H. was injured, the F150 roof structure and restraint system made the basis of this suit were being used in a manner that was foreseeable, but the roof and/or restraint system were defective and unreasonably dangerous in its design, manufacture and/or marketing, to the human body. Ford negligently, and/or wantonly designed, manufactured, distributed, marketed, and/or sold the Ford F150 truck with a defective and/or unreasonably dangerous roof and/or restraint system that lacked adequate crashworthiness for rollover events.

18. The defective condition of the roof and/or restraint system in the F150 made the basis of this suit was a proximate cause of J.H.'s

injuries and renders Ford liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

19. The roof and/or restraint system of the Ford F150 was defective and/or unreasonably dangerous in design, manufacture and/or marketing (warnings) as it relates to the component's characteristics for occupant protection and crashworthiness in a foreseeable rollover event and lack of proper warnings regarding said issues. The defective condition of the roof and/or restraint system of the Ford F150 as it relates to said issues has been known by Ford for some time, including numerous prior substantially similar incidents.

20. Ford had a duty to determine if there were potential hazards to consumers that were associated with the foreseeable uses of its products.

21. As a proximate result of the aforesaid wrongful, negligent and/or wanton conduct of, Ford, J.H. suffered injuries and damages, including but not limited to the following:

    a. Plaintiff was caused to suffer physical permanent injuries rendering him a quadriplegic.

    b. Plaintiff was caused to spend large sums of money in the nature of doctors, hospitals, and drug bills in an effort to cure and treat said injuries and will be caused to do so in the future.

    c. Plaintiff was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish.

    d.  Plaintiff was caused to be permanently injured and disfigured.

**WHEREFORE**, Plaintiff demands judgment against Ford for compensatory and punitive damages in excess of the jurisdictional requirements of this Court in an amount to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding.

**COUNT TWO**

**(Negligence and Wantonness)**

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above as if set out here in full.

23. At the aforesaid time and place, and for some time prior thereto, Ford, undertook a duty to design, manufacture, market (warn), inspect, distribute, and/or sell the 1999 Ford F150 made the basis of this suit and/or its component parts, including the roof and/or restraint system in a reasonably safe condition for its intended use by the Plaintiff and the general public. Ford negligently and/or wantonly designed, manufactured, inspected, and/or sold on the subject roof structure and/or restraint system. Such conduct caused the roof and/or restraint system of the Ford F150 to be unsafe when used as intended.

24. Ford had a duty to hold paramount the safety, health, and welfare of the public when designing the roof and/or restraint system of the 1999 Ford F150 made the basis of this action.

25. Ford had a duty to determine if there were potential hazards to consumers that were associated with the foreseeable uses of its products.

26. The defective and dangerous condition of the Ford F150 roof and/or restraint system was a proximate cause of the injuries to Plaintiff and renders said Ford liable to the Plaintiff.

27. Ford, negligently and/or wantonly failed to complete an adequate hazard analysis and risk assessment of the Ford F150 roof structure and/or restraint system for potential occupant harm in a foreseeable rollover events.

28. As a proximate result of the aforesaid wrongful, negligent and/or wanton conduct of, Ford, J.H. suffered injuries and damages, including but not limited to the following:

   a. Plaintiff was caused to suffer physical permanent injuries rendering him a quadriplegic.

   b. Plaintiff was caused to spend large sums of money in the nature of doctors, hospitals, and drug bills in an effort to cure and treat said injuries and will be caused to do so in the future.

   c. Plaintiff was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish.

   d. Plaintiff was caused to be permanently injured and disfigured.

**WHEREFORE**, Plaintiff demands judgment against Ford for compensatory and punitive damages in excess of the jurisdictional requirements of this Court in an amount to be determined by a jury,

together with interest from the date of injury, and the costs of this proceeding.

## COUNT THREE

### (Breach of Warranty)

29. Plaintiff re-alleges all allegations contained in paragraphs 1 through 28 of the Complaint as if set out here in full.

30. Defendant Ford, expressly and/or impliedly warranted that the F150 truck and/or its component parts involved in the occurrence made the basis of this Complaint were reasonably fit and suitable for the purposes for which they were intended to be used. The Plaintiff claims that the Defendant Ford breached said expressed or implied warranties of merchantability and/or fitness for a particular purpose in that the roof structure and/or restraint system of the F150 truck and/or its component parts were not reasonably fit and suitable for the purposes for which they were intended to be used, but to the contrary, said roof structure and/or restraint system and/or its component parts were unmerchantable and commercially unfit quality. The Plaintiff further claims that as a proximate result of the aforesaid breach of warranties by Defendant Ford, J.H. suffered injuries that resulted in quadriplegia.

31. As a proximate result of the aforesaid wrongful, negligent and/or wanton, conduct and breach of warranties of Ford, J.H. suffered injuries and damages, including but not limited to the following:

   a. Plaintiff was caused to suffer physical permanent injuries rendering him a quadriplegic.

    b.    Plaintiff was caused to spend large sums of money in the nature of doctors, hospitals, and drug bills in an effort to cure and treat said injuries and will be caused to do so in the future.

    c.    Plaintiff was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish.

    d.    Plaintiff was caused to be permanently injured and disfigured.

**WHEREFORE**, Plaintiff demands judgment for compensatory damages against Defendant Ford for such an amount in excess of the jurisdictional requirements of this Court and as a jury may award, and the costs of this action.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ David Dearing
DAVID DEARING (885673)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

**DEFENDANT MAY BE SERVED AS FOLLOWS:**

Ford Motor Company
c/o CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324